IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LARRY S. FELT,<br><br>    Plaintiff,<br><br>vs.<br><br>BARBARA VAN MONDFRANS, REVENUE AGENT, DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE; and UNITED STATES OF AMERICA; and BANK OF AMERICA, NA; and WELLS FARGO BANK, NA,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DISMISSING CASE<br><br><br><br>Case No. 2:10-CV-368 TS |

    The Petitioner, Larry S. Felt, seeks to quash two Internal Revenue Service ("IRS") summonses issued to Wells Fargo N.A., and Bank of America.

    The United States moves to dismiss the Petition to Quash for lack of subject matter jurisdiction and to dismiss the Petition as to Revenue Agent Barbara Van Mondrans on the basis that the United State is the proper party. Petitioner has not responded to the Motion to Dismiss.

1

A motion to dismiss for lack of jurisdiction is properly decided under Rule 12(b)(1). In deciding a motion to dismiss for lack of jurisdiction under Rule 12(b)(1), the Court may consider matters outside of the pleadings without converting the Motion to one under Rule 56.[1]

The United States argues there is no subject matter jurisdiction because the Petition was not filed within the 20 day period provided for by 26 U.S.C. §7609(b).

As the Tenth Circuit explained in *Faber v. United States*:[2]

The statute governing the timely filing of a taxpayer's petition to quash a third party summons is 26 U.S.C. § 7609(b)(2)(A). It provides:

> Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2).

Subsection (a)(1) states that the person identified in the summons' description of the records is entitled to notice. . . . Subsection (a)(2) explains that notice is sufficient if it is personally served upon or mailed by certified mail to the last known address of the taxpayer.[3]

As further explained in the *Faber* case, because §7609 is "a conditional waiver of the government's sovereign immunity" "a district court does not have jurisdiction when a plaintiff has failed to comply with the twenty-day filing period of section 7609(b)(2)(A)."[4]

---

[1] *E.g. Nichols v. United States*, 796 F.2d 361, (10th Cir. 1986).

[2] 921 F.2d 1118, 1119 (10th Cir. 1990).

[3] *Id*. at 1119 (quoting 26 U.S.C. § 7609(a) (1) and (b)(2)(A)).

[4] *Id*. (citing *Stringer v. United States*, 776 F.2d 274 (11th Cir. 1985) and *Ponsford v. United States*, 771 F.2d 1305, 1309 (9th Cir. 1985)).

> Under the doctrine of sovereign immunity, the United States is not subject to suit absent its consent. Because any exercise of a court's jurisdiction over the government depends on the government's consent, a statute that waives sovereign immunity must be strictly construed. Construing section 7609 strictly, the plain language of the statute indicates motions to quash must be filed within twenty days from the date notice is given. Notice is given on the date it is mailed. The government's waiver of sovereign immunity ends-and thus jurisdiction ends-when the twenty-day limitation period has run.[5]

The government has submitted evidence showing that the summonses were served on April 1, 2010 and notice was served on Mr. Felt by mail the same day.[6] Petitioner has not disputed the government's evidence of the date of mailing the notice. As discussed above, the 20-day period begins on the day after the date the IRS mails the notice. Thus, the 20-days began to run on April 2, 2010. This case was filed on April 23, 2010.

Because Mr. Felt filed the present motion to quash "more than twenty days after the IRS gave notice" this court "lack[s] jurisdiction to hear his motion" and it must be dismissed "under section 7609 for lack of jurisdiction."[7]

Because the entire Motion to Quash must be dismissed for lack of subject matter jurisdiction, the Court need not reach the United States' argument that Revenue Agent Mondfrans is not a proper party.

Based on the foregoing, it is

ORDERED that the United States' Motion to Deny Petition to Quash Third-Party Summonses (Docket No. 4) is GRANTED. It is further

---

[5] *Id*. (citations omitted).

[6] Gov't's Ex. 1, Mondfrans Dec. at ¶¶ 2-4 and Ex. 2 (certificate of service).

[7] *Faber*, 921 F.2d at 1119.

ORDERED that the Petition to Quash is DISMISSED.

DATED   January 21, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge